IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CAROL JEANINE THOMPSON,

                                                   OPINION AND ORDER

        Plaintiff,

                                                   16-cv-783-bbc

    v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Plaintiff Carol Jeanine Thompson, who is proceeding pro se, is seeking review of a final decision denying her claim for supplemental security income benefits under the Social Security Act. 42 U.S.C. § 405(g). Plaintiff contends that she has been disabled since April 1, 2006 because of numerous impairments, including chronic back pain, degenerative disc disease, fibromyalgia, cellulitis, major depression and a hiatal hernia. The administrative law judge concluded that even though plaintiff has several severe and non-severe impairments, she was not disabled because she could perform light work with some additional limitations, and such work exists in significant numbers in the national economy. For the reasons discussed below, I am upholding the administrative law judge's decision.

BACKGROUND

       Plaintiff Carol Jeanine Thompson filed for supplemental security income on July 8, 2013. AR 19. Her application was denied on October 10, 2013, and her request for

1

reconsideration was denied on February 19, 2014. AR 76, 98. Plaintiff then filed a request for a hearing before an administrative law judge on March 17, 2014. AR 131. A hearing was held before administrative law judge Debra Meachum on May 7, 2015, AR 55-75, at which plaintiff was represented by counsel. The administrative law judge concluded that plaintiff was not disabled. AR 19-28. In September 2016, the Appeals Council denied plaintiff's request for review, AR 1-6, making the hearing decision the final decision of the Commissioner. Plaintiff then filed this case on her own behalf.

OPINION

This court must affirm the agency's decision denying benefits if it is based on substantial evidence, 42 U.S.C. § 405(g); Indoranto v. Barnhart, 374 F.3d 470, 473 (7th Cir. 2004). In her opening brief, plaintiff argues that the administrative law judge erred by finding that she could work despite having cellulitis that requires her to elevate her leg. She says that the vocational expert testified that there were no jobs at which she could elevate her leg. In her reply brief, plaintiff adds additional arguments, contending that she has several other severe impairments that entitle her to benefits. Plaintiff's arguments are undeveloped; both her opening and reply briefs are approximately one page long; and neither brief contains any new evidence, legal authority or citations to the administrative record. She does not explain why she believes the administrative law judge's decision was unsupported by substantial evidence.

2

Although pleadings filed by a plaintiff on her own behalf are held to less exacting standards than those prepared by counsel, a plaintiff seeking to challenge an agency decision must present arguments supported by legal authority and citations to the record, even if she lacks counsel. Anderson v. Hardman, 241 F.3d 544, 545 (7th Cir. 2001) ("[W]e must be able to discern cogent arguments in any appellate brief, even one from a pro se litigant."); Cadenhead v. Astrue, 410 F. Appx. 982, 984 (7th Cir. 2011) ("Appellants, including those who are pro se, must present arguments supported by legal authority and citations to the record."); Cross v. Colvin, No. 14-CV-1395, 2016 WL 53819, at *4 (C.D. Ill. Jan. 5, 2016) ("All disability claimants, even those proceeding pro se, bear the burden of demonstrating that the ALJ committed reversible error in rendering her decision."). A generalized assertion of error is not sufficient to challenge an adverse ruling, Anderson, 241 F.3d at 545, and undeveloped or unsupported contentions are waived. Long v. Teachers' Retirement System of State of Illinois, 585 F.3d 344, 349 (7th Cir. 2009); Jones v. InfoCure Corp., 310 F.3d 529, 534 (7th Cir. 2002). In light of plaintiff's failure to develop any arguments, I could grant summary judgment to the commissioner on the ground that plaintiff waived all of her arguments by failing to develop them adequately. McLachlan v. Astrue, 392 F. App'x 493, 494 (7th Cir. 2010) (dismissing pro se appeal because the brief did "not refer to facts in the record or contain an argument consisting of more than a generalized assertion of error").

However, because plaintiff is proceeding on her own, I will address her argument regarding her cellulitis because she has made an attempt to explain why she believes the administrative law judge erred by disregarding testimony from the vocational expert. As

discussed below, I will not address all of the additional impairments plaintiff listed in her reply brief because she did not identify any specific error in the administrative law judge's decision.

A. <u>Failure to Include Limitations Relating to Cellulitis</u>

Plaintiff states in her opening brief there are some days she "can barely walk" and her pain is so extreme that she cannot do anything. Dkt. #11 at 1. I understand plaintiff to be attributing her pain and inability to walk to her cellulitis, as she also states that the administrative law judge disregarded statements by the vocational expert that "there were no jobs that would let her elevate [her] leg" and that most work spaces would not have the "physical space" for her to elevate her leg. Dkt. #13 at 1.

Plaintiff is correct that the administrative law's decision does not acknowledge any testimony by the vocational expert that plaintiff would be precluded from working if she needed to elevate her leg on an unplanned or unscheduled basis. However, this specific testimony by the vocational expert was inapplicable because the administrative law judge did not include any limitations regarding leg elevation in her residual functional capacity analysis. Rather, the administrative law judge noted in her residual functional capacity assessment that she found "no basis in the medical evidence of record for finding the claimant would need to elevate her legs on a regular basis; if needed, she could accomplish this during normal breaks." AR 26. The relevant question, then, is whether there was

4

substantial evidence to support the administrative law judge's failure to include further limitations based on plaintiff's history of cellulitis.

I conclude that the record evidence supports the administrative law judge's decision in this regard. The administrative law judge considered both plaintiff's testimony and the medical evidence regarding her cellulitis. She noted that the medical evidence confirmed plaintiff's history of lower leg cellulitis with corresponding leg rashes, but found that plaintiff's episodes were intermittent, had occurred primarily before her 2013 application date and had been treated successfully with antibiotic medication. AR 21. The administrative law judge gave partial credit to plaintiff's reports of cellulitis at the hearing, but discounted plaintiff's description of the intensity, persistence and limiting effects of her impairments in light of the medical evidence. The administrative law judge concluded that plaintiff's cellulitis did not "meet the definition of 'severe'" because it did "not last at least twelve months and [did] not significantly diminish [plaintiff's] ability to perform basic work activities." AR 21-22.

A review of the medical evidence in the record supports the administrative law judge's analysis. Plaintiff reported left-leg cellulitis intermittently between July 2011 and January 2013, with the most recent report from July 2013 noting that plaintiff had flare-ups every couple of months. AR 333-34, 342, 345-46, 348-49, 357-58, 468, 472, 477, 479-80, 482, 486-87. As the administrative law judge noted, plaintiff's doctors found her cellulitis responsive to antibiotic medication. AR 333, 349, 350, 358, 447, 482, 487. None of the doctors noted that plaintiff's cellulitis caused any functional limitations that affected her

5

ability to work. Additionally, the state agency doctors were the only doctors to provide an opinion about how plaintiff's impairments limited her, and they had concluded that plaintiff could perform the full range of work at the medium exertional level. AR 83, 94-95. Finally, no evidence in the medical record suggests that plaintiff continued to experience problems with cellulitis after July 2013. There are several treatment notes between August 2013 and July 2014, but none show that plaintiff reported problems with cellulitis during this period. Thus, the administrative law judge's view of the medical evidence relating to plaintiff's cellulitis was reasonable.

After concluding that plaintiff's cellulitis was not a severe impairment, the administrative law judge went on to determine whether plaintiff's cellulitis affected her residual functional capacity. The administrative law judge noted plaintiff's testimony that her left leg cellulitis required her to elevate her leg several times a day, AR 24, 66, but she contrasted plaintiff's testimony with the medical evidence, noting that no medical doctor had expressed an opinion that plaintiff's impairments limited her ability to work. Ultimately, the administrative law judge did not include a limitation for elevating plaintiff's leg, noting that there was no basis in the medical evidence for finding that plaintiff would need to elevate her leg regularly and that, even if she needed to elevate it at times, she could do so on her regular breaks. AR 26.

Plaintiff does not explain why she believes the administrative law judge's residual functional capacity analysis was flawed or unreasonable. She does not argue that the administrative law judge ignored medical evidence or erred in weighing the evidence or her

6

credibility and she does identify any medical evidence that would support a different finding on the issue of residual functional capacity. Accordingly, I conclude that the administrative law judge did not err in failing to include limitations relating to plaintiff's cellulitis in the residual functional capacity assessment.

B. <u>Failure to Consider Evidence of Other Impairments</u>

In her reply brief, plaintiff states that her depression is "severe" and that she is so depressed that she "hardly go[es] anywhere" and does not "even socialize anymore." Dkt. #16. She also mentions that her chronic back pain, degenerative disc disease, fibromyalgia and hiatal hernia are disabilities that should entitle her to benefits. <u>Id.</u> at 1-2. However, the administrative law judge addressed each of these impairments in her decision by discussing the medical evidence and evaluating whether the impairments alone, or in combination, limited plaintiff's ability to work. (The sole exception is fibromyalgia, which does not appear to have been raised as an impairment at the agency level.) Plaintiff does not identify any medical evidence that the administrative law judge disregarded or misinterpreted; she does not attempt to submit new evidence; and she does she explain how these conditions, considered singly or in combination, caused more than minimal limitations in her ability to perform work. Accordingly, I will not give any further consideration to these additional arguments.

ORDER

IT IS ORDERED that the decision denying benefits to plaintiff Carol Jeanine Thompson is AFFIRMED. The clerk of the court is directed to enter judgment in favor of defendant, Nancy A. Berryhill, Acting Commissioner of Social Security, and close this case.

Entered this 2d day of October, 2017.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge